1
2
3
4
                 **UNITED STATES DISTRICT COURT**
5
                   **DISTRICT OF NEVADA**
6

7   GRACE ALBANESE,              )     Case No. 2:17-cv-01664-JCM-GWF
                             )
8            Plaintiff,      )
                             )
9   vs.                      )     **REPORT AND**
                             )     **RECOMMENDATION**
10  LAS VEGAS METROPOLITAN POLICE  )
    DEPARTMENT,             )
11                            )
           Defendant.     )
12  _____)

13       This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis*

14  (ECF No. 1), filed on June 14, 2017.

15  **I.**     **IN FORMA PAUPERIS APPLICATION**

16       Plaintiff is proceeding in this action *pro se*, which means that she is not represented by an

17  attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in*

18  *forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed

19  complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing

20  fee and administrative fee totaling $400 is required to commence a civil action in a federal district

21  court. The court may authorize a person to commence an action without the prepayment of fees and

22  costs if the person files an IFP application including an affidavit stating that he or she is unable to

23  pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-

24  handed care" to ensure that "federal funds are not squandered to underwrite, at public expense,

25  either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in

26  material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)

27  (collecting cases). A "district court may deny leave to proceed in forma pauperis at the outset if it

28  appears from the face of the proposed complaint that the action is frivolous or without merit."

1   *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank*

2   *& Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).  A complaint that "merely repeats pending or

3   previously litigated claims" is frivolous.  *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2

4   (9th Cir. 1995) (citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Martinez*

5   *v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009).

6        Since March 2016, Ms. Albanese has filed 45 federal cases in the District of Nevada, 10 of

7   which are pending before the undersigned magistrate judge.[1]  In all, she has sued the Las Vegas

8   Metropolitan Police Department ("LVMPD") 30 times in just over a year.  Most of Ms. Albanese's

9   actions assert the same or very similar allegations: various persons stalk or spy on Ms. Albanese in

10  her bedroom and when she travels around Las Vegas, sometimes using listening devices or hacking

11  into her phone, but federal and state law enforcement officers ignore her requests for help and refuse

12  to investigate or arrest the wrongdoers.  She asserts similar legal claims in all her cases pursuant to

13

14     [1] See *Albanese v. Fed. Bureau of Investigations*, 2:16–cv–00529–KJD–NJK; *Albanese v. Transp. Security Admin.*,
2:16–cv–00530–GMN–CWH; *Albanese v. Homeland Security*, 2:16–cv–00531–RFB–VCF; *Albanese v. Las Vegas Metro.
15  Police Dep't*, 2:16–cv–00532–RFB–GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16–cv–01882–APG–PAL;
*Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–00577–GMN–PAL; *Albanese v. Las Vegas Metro. Police Dep't*,
16  2:17–cv–01087–GMN–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01284–MMD–NJK; *Albanese v. Las
Vegas Metro. Police Dep't*, 2:17–cv–01285–JCM–VCF, appeal docketed, No. 17–16127 (9th Cir. May 31, 2017); *Albanese
17  v. Fed. Bureau of Investigations*, 2:17–cv–01286–JAD–PAL; *Albanese v. Dep't of Homeland Security*,
2:17–cv–01287–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01520–JAD–CWH; *Albanese v. Las Vegas
18  Metro. Police Dep't*, 2:17–cv–01544–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01573–JCM–GWF;
*Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01574–RFB–PAL; *Albanese v. Fed. Bureau of Investigations*,
19  2:17–cv–01599–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01600–JAD–VCF; *Albanese v. Las Vegas
Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01614–JAD–PAL;
20  *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01633–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*,
2:17–cv–01634–RFB–CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01635–JAD–CWH; *Albanese v. Las Vegas
21  Metro. Police Dep't*, 2:17–cv–01640–MMD–VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01641–JAD–GWF;
*Albanese v. Homeland Security*, 2:17–cv–01642–RFB–GWF; *Albanese v. Fed. Bureau of Investigations*,
22  2:17–cv–01662–JAD–NJK; *Albanese v. Homeland Security*, 2:17–cv–01663–JCM–NJK; *Albanese v. Las Vegas Metro.
Police Dep't*, 2:17–cv–01664–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01735–JCM–PAL; *Albanese
23  v. Las Vegas Metro. Police Dep't*, 2:17–cv–01780–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*,
2:17–cv–01782–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01795–JAD–GWF; *Albanese v. Las Vegas
24  Metro. Police Dep't*, 2:17–cv–01807–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01808–APG–GWF;
*Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01832–KJD–PAL; *Albanese v. Fed. Bureau of Investigations*,
25  2:17–cv–01852–JCM–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01871–JAD–VCF; *Albanese v. Las
Vegas Metro. Police Dep't*, 2:17–cv–01872–RFB–VCF; *Albanese v. Homeland Security*, 2:17–cv–01874–RFB–VCF; *Albanese v.
26  Las Vegas Metro. Police Dep't*, 2:17–cv–01896–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*,
2:17–cv–01903–MMD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01904–JCM–PAL; *Albanese v. Las
27  Vegas Metro. Police Dep't*, 2:17–cv–01972–JAD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*,
2:17–cv–01973–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01974–JAD–PAL.

28

1    42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction

2    of justice, defamation, public corruption, and conspiracy.

3        Upon the recommendation made by Magistrate Judge Ferenbach, District Judge Dorsey has

4    declared Ms. Albanese a vexatious litigant.  *See Albanese v. Fed. Bureau of Investigations*,

5    2:17–cv–01599–JAD–VCF*, July 27, 2017 Order (ECF No. 7).  Therefore, Ms. Albanese is no

6    longer allowed to file a new complaint, petition, or other action in this court without first obtaining

7    leave from the Chief Judge of this court.  *See id.*

8        Having reviewed her complaint in this case, the Court finds that her claims are frivolous and

9    duplicative and will recommend denial of her IFP application and dismissal of the complaint.

10    **II.    SCREENING THE COMPLAINT**

11    **A.    Legal Standard**

12        Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive

13    pleading.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all

14    in forma pauperis complaints").  Allegations in a pro se complaint are held to less stringent

15    standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

16    *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).  However, pro se litigants "should not be

17    treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362,

18    1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other

19    litigants.  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

20        Federal courts are required to dismiss an IFP action if the complaint fails to state a claim

21    upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from

22    a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint may be

23    characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp*

24    *v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th

25    Cir. 2005)).  Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in

26    law and fact.  *Denton*, 504 U.S. at 32; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

27    Frivolous claims include those based on legal conclusions that are untenable (e.g., claims against

28    defendants who are immune from suit or claims of infringement of a legal interest that clearly does

3

1    not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

2    scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991);

3    *Andrews*, 398 F.3d at 1121.  In determining whether a complaint is frivolous and therefore warrants

4    complete or partial dismissal, a court is not bound "to accept without question the truth of the

5    plaintiff's allegations."  *Denton*, 504 U.S. at 32.  A complaint may be dismissed as frivolous if it

6    "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (citation

7    omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may

8    dismiss a duplicative complaint raising issues directly related to issues in another pending action

9    brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.

10    2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same

11    subject matter at the same time in the same court and against the same defendant."), overruled in

12    part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*,

13    121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or

14    malicious).

15          **B.    Ms. Albanese's Duplicative Factual Allegations and Claims for Relief**

16          The Court finds that the complaint in this case is frivolous because it merely repeats claims

17    pending in other cases.  Here, Albanese is suing LVMPD under 42 U.S.C. § 1983 for, among other

18    things, violating her civil rights by denying her equal protection right, due process right and

19    obstructing justice because the police knew she was being stalked but would not take action:

20          LVMPD are aware I'm being stalked and do nothing to stop the
          stalkings.  Same male is stalking plaintiff along her route AM & PM
21          and LVMPD won't get involved. Other stalkings take place by various
          other individuals that LVMPD are aware of and they allow it to take
22          place. Live streaming of me in my apartment is aiding and assisting
          people who stalk me.
23

24    Complaint (ECF No. 1-1)

25          In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-00577-GMN-PAL, she

26    alleged that LVMPD and its employees violated her equal protection and due process rights and

27    obstructed justice by failing to respond to her call for help and refusing to take her voluntary

28    statement that a neighbor was stalking her.  *Id.*, Amended Complaint (ECF No. 15).  Albanese

4

alleged she called LVMPD to report that her neighbor was stalking her.  A police sergeant told Ms.

Albanese she was not stalked and he would not respond or allow other LVMPD officers to respond.

She further alleged that an LVMPD employee refused to allow Ms. Albanese to document a crime

of stalking by making a voluntary statement.  The court expressly found that these allegations failed

to state actionable claims.  *Id.*, June 30, 2017 Report and Recommendation (ECF No. 68).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01574-RFB-PAL, she

alleges that LVMPD violated her equal protection right and obstructed justice because an operator

refused to dispatch an officer to investigate individuals who were stalking and spying on her:

> [W]hen she asked me why I was whispering and I told her because my
> neighbors are spying/observing me. ... Operators Collings 14128 was
> obstructing justice because she did not understand that I have to
> whisper when I call 311 and report laundry room vagrants.  So she
> refused to allow officers to investigator until they talked to me about
> my mental state.

*Id.*, Complaint (ECF No. 1-1).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01904-JCM-PAL, she

alleges violations of her equal protection and due process rights, public corruption, obstruction of

justice, and a police conspiracy because the police are allowing a man to stalk her:

> So I'd like to sue the LVMPD for not stopping stalking from taking
> place when they know it's happening to me. ... That repeat stalker
> knows I'm going to call the cops so he keeps stalking me.  The police
> allow him to stalk me.  The police defend criminal behavior and say
> they are going to talk to people harassing me and so they forget and
> leave in their vehicles.  So I keep returning to the Federal Building.
> So it's like a vicious circle.  I keep being stalked (with police
> foreknowledge).  I call the cops.  The police keep defending Apts. 3
> and 9 who harass me.  I keep suing.

*Id.*, Complaint (ECF No. 1-1).

Here, the Court finds that Albanese's complaint is frivolous because it merely repeats

pending or previously litigated claims.  These actions follow a distinct pattern, which Albanese

herself acknowledges.  *Id.*  Ms. Albanese believes that various individuals stalk or spy on her while

in her home or when she travels around Las Vegas.  She then calls federal and local law

enforcement officers for help and they allegedly refuse to investigate or arrest her stalkers.  She

asserts similar legal claims in most of her cases pursuant to 42 U.S.C. § 1983: violations of her due

process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy. Therefore, because this action is duplicative and frivolous the Court will recommend dismissal. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **dismissed**.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED this 10th day of January, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).